# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LeWAYNE LEE MILLER,<br><br>            Plaintiff,<br><br>    vs.<br><br>S. RUTLEDGE, et al.,<br><br>            Defendant. | CASE NO. 10cv1902-MMA (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Doc. No. 11] |

On September 10, 2010, Plaintiff LeWayne Lee Miller ("Plaintiff"), a state prisoner proceeding *pro se*, commenced this action seeking relief under 42 U.S.C. § 1983 for purported violations of his rights under the First and Eighth Amendments to the United States Constitution. Defendants Rutledge, Partida, Rush, and Lopez move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies prior to filing suit. Plaintiff has not filed an opposition to the motion.[1] For the following reasons, the Court **GRANTS** Defendants' motion.

---

[1] Both Defendants and the Court provided Plaintiff with notice of the motion to dismiss pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003), citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam). *See* Doc. Nos. 11-2 & 12. On April 11, 2011, Plaintiff filed a motion for an extension of time to file an opposition to the motion. *See* Doc. No. 13. The Court granted the motion, and extended Plaintiff's deadline to file an opposition by thirty days. *See* Doc. No. 14. Plaintiff's opposition was due on or before May 11, 2011. *See id.* To date, Plaintiff has not filed an opposition, nor has he filed a motion seeking a second extension of time in which to do so.

## BACKGROUND

Plaintiff is a prisoner currently incarcerated at Kern Valley State Prison, proceeding *pro se* and *in forma pauperis* on his complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff was previously housed at Calipatria State Prison in Calipatria, California. Defendants are a group of correctional officers at Calipatria State Prison. The following description of events is taken from the pleadings and is not to be construed as findings of fact by the Court.[2]

On or about December 7, 2009, Defendants Rutledge, Rush, and Partida approached Plaintiff's cell and ordered Plaintiff and his cell mate to exit the cell and submit to a cell search and an unclothed body search for a suspected contraband cell phone. Defendants escorted Plaintiff and his cell mate to separate showers, where Defendant Rutledge ordered Plaintiff to strip himself of his clothing. Defendants Rutledge and Rush observed Plaintiff attempting to conceal a cell phone in his left hand. Defendant Rutledge asked Plaintiff to identify the object in his left hand. Plaintiff responded by spinning around and throwing the cell phone into the shower wall. The cell phone smashed into pieces. Defendants Rutledge and Rush simultaneously sprayed Plaintiff's face and upper torso with two canisters of pepper spray, causing great pain to Plaintiff's eyes and body. Defendant Rutledge ordered Plaintiff to get down, and Plaintiff complied immediately. However, Defendants Rutledge and Rush continued to spray Plaintiff with pepper spray until their canisters were empty.

Defendants Partida and Lopez observed the pepper spray incident but did not intervene. Plaintiff advised Defendants of his intent to file an administrative grievance based on the incident. Defendants allowed Plaintiff to remain in the shower for over two hours with the water cut off, preventing Plaintiff from being able to decontaminate himself, causing him great pain and suffering.

Based on these events, Plaintiff alleges Defendants Rutledge and Rush violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force. Plaintiff alleges Defendants Partida and Lopez violated his Eighth Amendment rights by failing to protect

---

[2] Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

him from the acts of Defendants Rutledge and Rush. Plaintiff further alleges that all of the defendants violated his First Amendment rights by retaliating against him after being advised of his plan to file an administrative grievance.

Defendants move to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies prior to filing this action. According to Defendants, Plaintiff faced disciplinary charges arising out of the events described in his complaint and he was ultimately found guilty of a serious rules violation. Defendants assert that while Plaintiff filed an appeal of the guilty finding, he filed no other administrative grievances related to the December 7, 2009 incident. As such, Defendants argue that Plaintiff did not exhaust his claims and his complaint must be dismissed. Plaintiff does not oppose Defendants' motion.[3]

## DISCUSSION

*1. Legal Standard*

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules. . ." is required, *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective. . . appeal." *Id.* at 83–84.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

---

[3] The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides that if an opposing party fails to file papers in the manner required by the Local Rules, that failure may constitute a consent to the granting of that motion. As such, the Court has the option of granting Defendants' motion on the basis of Plaintiff's failure to respond. However, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Therefore, the Court considers the merits of Defendants' motion and bases its ruling thereon.

defense under which defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). "[A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of relief already granted as a result of that process." *Id.* at 936–37. Therefore, if some remedy is available, Plaintiff has not exhausted his remedies.

The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119, citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir.1998) (per curium). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119–20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

In order to exhaust administrative remedies, California state prisoners must comply with the procedural requirements established by the California Department of Corrections and Rehabilitation's ("CDCR") administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.5, 3084.6©. Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford*, 548 U.S. at 85; *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir.2002).

   *2.   Analysis*

The events alleged by Plaintiff against Defendants occurred on December 7, 2009. As described above, the CDCR's process for prisoner complaints is properly initiated by submitting a CDC Form 602 to the appeals coordinator at the institution within fifteen working days of the event

being appealed. Cal. Code Regs., tit. 15 §§ 3084.2(a), 3084©, 3084.6©. Therefore, to properly initiate the appeals process for the events complained of herein, Plaintiff was required to submit an appeal to the appeals coordinator within fifteen days of December 7, 2009. According to the appeals coordinator at Calipatria State Prison, Plaintiff timely and properly submitted two administrative appeals during his time at Calipatria from June 17, 2008 through July 14, 2010. *Jimenez Decl'n.* ¶¶ 6-7.

The first of the two appeals was received on March 2, 2010. *Id.* ¶ 7(a). In that appeal, Plaintiff complained of being found guilty on February 18, 2010 for the specific act of battery on a peace officer. *Jimenez Decl'n.*, Ex. A. Subsequent to a hearing, Plaintiff was found guilty of battery on Defendant Rutledge for throwing the cell phone during the December 7, 2009 incident, and hitting Rutledge in the face. Plaintiff asserts in his grievance that he did not intentionally hit Defendant Rutledge, and because it was an accident he should not have been found guilty of battery, a serious rules violation for which he was assessed 150 days forfeiture of credits and 10 days loss of yard privileges. *Id.* The second appeal was received on September 9, 2010. *Jimenez Decl'n.* ¶ 7(b). In that appeal, Plaintiff complained of missing personal property after transfer from Calipatria to California State Prison – Corcoran. *Id.*

According to the Calipatria appeals coordinator, although the first appeal tangentially related to the events of December 7, 2009, neither appeal submitted by Plaintiff during his time at Calipatria complained of excessive force or retaliation by Defendants on December 7, 2009. *Id.* ¶ 9. The appeals coordinator at Corcoran screened out two appeals submitted by Plaintiff during his period of incarceration at that institution. *Campbell Decl'n.* ¶ 7. Both appeals pertained to personal property issues, and did not relate to the events of December 7, 2009. *Id.*

As the Ninth Circuit recently confirmed, "[t]o survive a motion to dismiss, the inmates' claims must be both exhausted and timely. We determine whether an inmate's claim has been exhausted by reference to the prison's own grievance requirements, *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir.2009), which necessitate that the inmate "describe the problem and action requested," Cal. Code Regs. § 3084.2(a). While an inmate need not articulate a precise legal theory, "a grievance [only] suffices if it alerts the prison to the nature of the wrong for which redress is

sought." *Griffin*, 557 F.3d at 1120." *McCollum v. California Dept. of Corrections and Rehabilitation* 2011 WL 2138221, 3 (9th Cir. Cal.).

Here, Defendants correctly assert that Plaintiff's March 2, 2010 appeal did not provide notice of any of his current allegations under the First and Eighth Amendments. Furthermore, Defendants present unchallenged evidence that Plaintiff never filed a grievance directly based on the events of December 7, 2009. The declarations of the appeals coordinators at Calipatria and Corcoran prisons set forth that Plaintiff never properly filed any Director's-level appeals related to any of the claims he raises in this suit. That Plaintiff's March 2, 2010 appeal was "related to" those events in so far as they gave rise to a disciplinary hearing and serious rules violation, "is insufficient." *See McCollum*, 2011 WL 2138221, 4 (citation omitted). Because Plaintiff did not properly exhaust his administrative remedies, his claims against Defendants shall be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's complaint without prejudice. The Clerk of Court is instructed to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

DATED: June 29, 2011

Hon. Michael M. Anello
United States District Judge